# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 13 |
| GERSON A. MANZUETA, | ) Case No. 20-40450-EDK |
|  | ) |
| Debtor | ) |

## MEMORANDUM OF DECISION

On March 27, 2020, (the "Petition Date"), Gerson A. Manzueta (the "Debtor"), acting *pro se*, commenced a voluntary case under chapter 13 of the United States Bankruptcy Code.[1] A physical time stamp on the voluntary petition reflects a receipt time of 11:16 a.m., although the electronic time stamp (the time at which the clerk's office electronically opened the case) indicates that the voluntary petition was docketed at 11:41 a.m.

Thereafter, Wilmington Savings Fund Society, FSB ("Wilmington") filed a motion seeking relief from automatic stay imposed by § 362 of the Code (the "Motion for Relief") regarding the Debtor's real property in Dracut, Massachusetts (the "Property"). In support of its motion, Wilmington relied on the fact that a foreclosure sale of the Property was conducted on the Petition Date and completed at 11:15 a.m. by the signing of a memorandum of sale[2] – prior to the electronic docketing of the petition 11:41 a.m.

---

[1] *See* 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or the "Code"). All references to statutory sections are to provisions of the Bankruptcy Code unless otherwise noted.

[2] The exact time the memorandum of sale was signed was not noted on that document, but Wilmington has stipulated to 11:15 a.m. *See* Sept. 29, 2020 Trial Transcript, 18:6-8, ECF No. 91.

Accordingly, says Wilmington, there is cause to grant relief from the automatic stay under §§ 362(d)(1) and (2), as the Debtor's equity of redemption was terminated prepetition, the Debtor cannot cure the prepetition mortgage arrears under a Chapter 13 plan of reorganization, and the Property was no longer property of the bankruptcy estate as of the filing of the petition. *See In re Crichlow*, 322 BR. 229 (Bankr. D. Mass. 2004).

In response to the Motion for Relief, the Debtor filed an objection contesting the validity of the foreclosure sale on two grounds. First, the Debtor questioned whether the foreclosure sale was properly conducted. Second, the Debtor contended that he had filed his bankruptcy case at "approximately 9:02 a.m.," Obj., June 12, 2020, ECF No. 53, although the electronic docketing of the petition did not occur until 11:41 a.m.

This Court agrees with Wilmington that, if the bankruptcy case is determined to have been filed at 11:41 a.m., there are grounds for relief from the automatic stay. However, if the bankruptcy case is deemed to have been filed prior to 11:15 a.m., the sale is void as a result of the preceding imposition of the automatic stay. *See In re Soares*, 107 F.3d 969, 976 (1st Cir. 1997). Because that conclusion would be outcome determinative, the Court directed the parties to address only their arguments regarding the timing of the petition at this juncture, reserving any arguments regarding the conduct of the foreclosure sale itself for further proceedings, if necessary.

In preparation for the first nonevidentiary hearing on the Motion for Relief, and upon review of facsimile time stamps on some of the Debtor's documents in the public record, the Court determined that at least a portion of the documents were received from the Debtor on the morning of the Petition Date well prior to the 11:16 a.m. physical time stamp on the petition. Given the Debtor's representation in his objection that he filed documents at approximately 9:02 a.m., the

Court directed the clerk's office to provide the Court with all relevant internal documents related to the filing.

The Court had the written communications received from the clerk's office docketed and advised the parties that it would take judicial notice of those communications. The Court further indicated that it would take judicial notice of the fact that each of the three bankruptcy court clerk's offices in Massachusetts were closed to in-person filings on the Petition Date due to the Covid-19 pandemic. *See* Notice, Sept. 4, 2020, ECF No. 79; Notice, Sept. 16, 2020, ECF No. 87. Neither party has objected to the Court taking such judicial notice. An evidentiary hearing was then conducted on September 29, 2020, via Zoom.gov videoconference, at which the Debtor appeared as the sole witness.

Having reviewed the Court's internal records (since made public) and having heard the testimony of the Debtor, the Court finds that the Debtor attempted to transmit the documents required for a bankruptcy filing at approximately 9:00 a.m. on the Petition Date, as he was unable to physically file the documents over the counter at any of the bankruptcy court clerk's offices in the District of Massachusetts. Those attempts, assisted by a friend, included transmittal by fax and by scanning and emailing the documents. While the first communication to the clerk's office and attempt to file the documents was received at 9:03 a.m., due to technical difficulties, the voluntary petition itself was not received by the clerk until 11:09 a.m. And the case was not electronically opened by the clerk until 11:41 a.m.

Pursuant to § 301 of the Bankruptcy Code, "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition . . . ." 11 U.S.C. § 301. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure specifically "indicate how to determine precisely when a 'filing' occurs." *Beal Bank SSB v. Brown (In re Brown)*, 311 B.R.

3

721, 725 (Bankr. W.D. Pa. 2004). The general view is that "[t]he time and date stamped on a bankruptcy petition gives rise to a presumption that the debtor filed the petition at the time the clerk dates and stamps the petition." *In re Sands*, 328 B.R. 614, 618 (Bankr. N.D.N.Y 2005). Wilmington argues that, based on the electronic docketing time stamp, the Debtor's petition should be deemed filed at 11:41 a.m., because "[t]o conclude any differently would open the automatic stay of § 362 to argument any time a debtor faxes anything over the Court [sic] whether the morning of a foreclosure, a day, a week, a month before a foreclosure." Suppl. Memo., July 8, 2020 [Docket #58]. The Court has identified at least one case that would support Wilmington's position. *See In re McMeans*, 209 B.R. 253, 256 (Bankr. N.D. Ala. 1997) (holding that time of filing of petition was when time stamped by the bankruptcy clerk, not when received by the clerk's office by fax).

But a majority of Courts have ruled that the "time-stamp presumption" is just that – a presumption that may be rebutted by credible evidence that "the petition first was placed in the clerk's custody or possession before the time and date stamped on the petition." *Brown*, 311 B.R. at 725.[3] Here, given the extraordinary circumstance of a global pandemic that prevented the Debtor from simply physically handing his bankruptcy documents to the clerk, (which the Debtor credibly testified that he would have done, if able, shortly after 9:00 a.m.), the Court is inclined to rule that the petition should be deemed filed at 9:03 a.m., when the Debtor first attempted to transmit all of the documents to the clerk's office.[4] At the very least, however, the voluntary

---

[3] *See also, e.g., Sands*, 328 B.R. at 618-19; *In re Schleier*, 290 B.R. 45, 50 (Bankr. S.D.N.Y. 2003); *In re Domaleczny*, 142 B.R. 287, 289 (Bankr. N.D. Ill. 1992); *Wood v. Godfrey (In re Godfrey)*, 102 B.R. 769, 771 (B.A.P. 9th Cir. 1992).

[4] It appears from the docket and the internal communications with the clerk's office that the matrix was not actually received until later in the afternoon on the Petition Date. While failure to file a matrix may result in dismissal of a case, the filing of a matrix is not a prerequisite to a bankruptcy case being "filed" under 11 U.S.C. § 301.

petition required to commence the Debtor's case was placed within custody and control of the clerk's office via email at 11:09 a.m.

Not every unexpected delay or difficulty in filing will result in a determination that the case was filed prior to the time received and time stamped by the bankruptcy clerk. But here, not only was the over 2-hour delay largely, if not entirely, caused by the physical unavailability of the clerk's office, but the voluntary petition itself was actually received by the clerk at 11:09 a.m. Accordingly, the Court rules that the Debtor has rebutted the presumption of an 11:41 a.m. filing and has established that the petition was "filed" within the meaning of 11 U.S.C. § 301 prior to the signing of the memorandum of sale at 11:15 a.m., rendering the foreclosure sale void by the operation of the automatic stay. *See* 11 U.S.C. § 362(a).

Because Wilmington relies on the validity of the foreclosure sale as grounds for its Motion for Relief, that motion will be DENIED WITHOUT PREJUDICE to the refiling of a motion seeking relief on other grounds. An order in conformity with this Memorandum will issue forthwith.

DATED: October 6, 2020                By the Court,

                                      *[signature]*
                                      Elizabeth D. Katz
                                      United States Bankruptcy Judge

5